```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PEDRO CAMACHO,

                        Plaintiff,               08-CV-6425

            v.                                   **DECISION
                                                 and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                        Defendant
_____
```

## **INTRODUCTION**

Plaintiff Pedro Camacho ("Plaintiff") brings this action pursuant to the Social Security Act §§ 216(I) and 223(d), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits. Specifically, Plaintiff alleges that the decision of the Commissioner lacked substantial evidence to support his finding that the Plaintiff has the residual functional capacity to perform a full range of medium work through the date last insured.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on grounds that the Commissioner's decision was supported by substantial evidence and based upon the application of the correct legal standards. The Plaintiff also moves for judgment on the pleadings pursuant to Rule 12(a) claiming that the ALJ's decision was not supported by substantial evidence in the record and should be reversed. After reviewing the record, the Court finds that the decision of the Commissioner for the reasons set forth below, is supported by

substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On August 30, 2004, Plaintiff, at that time 51 and one-half years old, filed an application for Disability Insurance Benefits under title II, §§ 216 (I) and 223 of the Social Security Act ("the Act") claiming an inability to work since May 1, 2004. Plaintiff's application was denied by the Social Security Administration ("the administration") initially on December 13, 2004. Plaintiff then filed a timely request for hearing on January 31, 2005.

Thereafter, Plaintiff appeared, without counsel, at an administrative hearing before ALJ John Costello on August 28, 2007. In a decision dated September 19, 2007, the ALJ determined that the Plaintiff was not disabled within the meaning of the Act. This decision became the final decision of the Commissioner when the Appeal Council denied Plaintiff's request for review on July 19, 2008. On October 8, 2009, Plaintiff filed this action.

## DISCUSSION

### I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a

claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to

relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.  The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Act through June 30, 2003, the date Plaintiff was last insured. For Plaintiff to receive disability benefits, Plaintiff's disability onset date must fall prior to his date last insured. See 20 C.F.R. § 404.315(a); Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). To determine the disability onset date, the ALJ adhered to the Social Security Administrations's 5-Step sequential evaluation analysis for evaluating appointment for disability benefits. See 20 C.F.R. § 416.920. The Second Circuit has described this process as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

See Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996) (citations omitted). The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the last step, and thus must demonstrate the existence of jobs in the economy that the claimant can perform. See, e.g., Kamerling v. Massanari, 295 F.3d 206, 210 (2d. Cir. 2002). When employing the five-step analysis, the Commissioner must consider four factors: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." See Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983)).

Finally, the Commissioner must give special consideration to the findings of a claimant's treating physician. A treating physician's opinion is controlling if it is "well supported by medical findings and not inconsistent with other substantial record evidence." See Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see C.F.R. § 416.927(d)(2). The more consistent a treating physician's opinion is with other evidence in the record, the more weight it will be accorded. See § 416.927(d)(4).

Applying the required five-step framework to the Plaintiff, the ALJ found that (1) Plaintiff was not engaged in substantial gainful activity from the date the claimant last worked in mid-2002

through his date last insured of June 30, 2003; (2) through the date last insured, claimant had severe impairment: chronic renal disease (20 C.F.R. 404.1520(c)); (3) his impairments or combination of impairments did not meet one of the listed impairments; and (4) through the date last insured, the claimant had the residual functional capacity to perform the full range of medium work. Step five need not be considered since claimant is able to perform his past work.

Plaintiff launches several challenges to the ALJ's conclusion that he was not entitled to benefits. Plaintiff argues that there is a lack of substantial evidence demonstrating the Plaintiff had the residual functional capacity to perform a full range of medium work through the date last insured

### A. The ALJ's decision is supported by the evidence in the record with regards to Plaintiff's ability to perform his Past Relevant Work before his Date Last Insured

In reviewing this case, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability as discussed above. In order to determine the Plaintiff's physical ability at the time of Plaintiff's date last insured, the ALJ had to first determine the Plaintiff's date last insured. The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on June 20, 2003. (Transcript of Administrative Proceedings at page 24) (hereinafter "T."). I find that the ALJ's decision that

the Plaintiff's date when he was last insured was June 30, 2003 is supported by substantial evidence in the record.

Plaintiff's social security earning records show that Plaintiff had no earnings in1995, 1996, 1999, 2000, 2003, 2004, or 2005 and only worked two quarters in 1994 (T. at 105-06). While Plaintiff gave inconsistent information as to his work history, the SSA records stand as reliable documentation that Plaintiff has not contributed to social security since 2002. (Compare T. at 111-12 and T. at 131). Applying the Plaintiff's work history under §§ 216(i) and 223 of the Act, the SSA records clearly indicate the Plaintiff's date last insured to be June 20, 2003. The record also shows that claimant was awarded supplemental security income benefits on August 1, 2004. The issue presented was whether the Plaintiff was disabled before the date he was last insured (June 30, 2003). The record reveals that the claimant developed chronic renal failure after June 30, 2003. However, prior to that date, he had progressive deterioration of renal functioning but not to a disabling degree. He was still able to perform medium work as of June 30, 2003 (Tr. 25).

  B. **<u>The ALJ's decision is supported by the medical evidence in the record.</u>**

Plaintiff argues that "there is a lack of substantial evidence demonstrating that the Plaintiff had the residual functional capacity to do a full range of medium work" prior to his date last insured (Pl. Br. at 4). Therefore, Plaintiff argues his onset

disability date should be April of 2001 when Plaintiff claims he first showed signs of renal disease. (Pl. Br. at 3). While the ALJ found, and I agree, that the Plaintiff's onset date is well after his date last insured, the ALJ, nevertheless, evaluated Plaintiff's claim under the 5-Step sequential analysis. The ALJ's analysis determined the Plaintiff was not disabled under the Act before his date last insured. I find that the ALJ's decision was supported by substantial medical evidence in the record.

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity in the period between his last day of work and the date he was last insured. (T. at 24). At steps two and three, the ALJ determined that Plaintiff's severe impairment, chronic renal disease, did not meet or medically equal one of the listed impairment of 20 C.F.R. Part 404, Subpart P, Appendix 1 prior to June 30, 2003, Plaintiff's date last insured. (T. at 24-25). Specifically, the ALJ found that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (T. at 25). The record also reveals that the Plaintiff was able to work for more than a decade after a single episode of renal failure and he did not seek regular medical treatment. (Tr. 193, 349, 467.) Dr. Zsentis diagnosed chronic renal failure on May 4, 2005, however, Plaintiff had only experienced symptomology for only three days prior to his admission. (Tr. 166-67.)

The medical record shows that prior to May 2004 none of Plaintiff's treating doctors limited his physical activity or gave Plaintiff a diagnosis that contradicts the ALJ's finding that the Plaintiff maintained a residual functional capacity to perform a full range of medium work prior to his date last insured. Moreover, while Plaintiff argues that an elevated serum creatinine level dating back to April 2001, an echo cardiogram from May 11, 2000 showing a dilated cardiomyopathy, and Dr. Hix's October 2004 report establish chronic kidney disease prior to his date last insured, nothing in the record indicates a diagnosis or that the Plaintiff sought treatment for his disability prior to 2004. (Pl. Br. at 3 and 9). The ALJ "is entitled to rely not only on what the record says but what the record does not say." Dumas v. Schweker, 712 F.2d 1545, 1553 (2d Cir. 1983). There is nothing in the medical record that suggests that Plaintiff was unable to perform a medium-level of work prior to his date last insured. The seriousness of Plaintiff's renal failure after his date last insured is not disputed, however, it cannot qualify Plaintiff for DIB unless he was disabled prior to his date last insured. Arnone v. Bowen, 882 F.2d 34, 38 (2d Cir. 1989).

The record shows that Plaintiff commenced hemodialysis on December 30, 2004. (Tr. 220-244.) Therefore, Plaintiff cannot meet the listing of 6.02(A) until after the date he was last insured. Although the Plaintiff's serum creatine eventually

reached sufficiently elevated levels which combined with his significant weight gain as of that time and congestive heart failure could have allowed Plaintiff to meet the listing at 6.02(C)(3)(b), the record reveals that there is no evidence of such levels until well after his date last insured.

## CONCLUSION

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 7, 2010